## DOE, ex dem. TILLMAN, vs. LONG and FREEMAN.

[EJECTMENT BY CLAIMANT UNDER DEED OF CREEK-INDIAN RESERVEE.]

1. *President's approval of contract, how proved.*—The president's approval of a contract for the sale of an Indian reservation, cannot be proved by the mere certificate of the secretary of war, not under the seal of his department, endorsed on the contract.

APPEAL from the Circuit Court of Russell.
Tried before the Hon. ROBERT DOUGHERTY.

THE lessors of the plaintiff in this case, claiming as heirs-at-law of one Fannin, offered in evidence the deed of a Creek Indian, conveying the land in controversy, which was reserved to him under the treaty of March 24, 1832, to Fannin & Howell. This deed, or contract, is in the usual form of such instruments, and is expressed to be "subject to the certifying agent, and to the approval of the president of the United States, agreeably to the provisions of the treaty aforesaid"; and an endorsement on it is in these words : "This contract has been approved by the president." (signed) " J. R. Poinsett, sec. of war." The court, on the defendant's objection, excluded this deed from the jury ; to which the plaintiff excepted, and took a non-suit.

GEO. D. HOOPER, for the appellant.—1. Notice is taken by all tribunals of the genuineness of the signature, not only of the chief executive, but of the heads of departments, and of the principal officers of state.—1 Greenl. 8, and cases cited; Jones v. Gales, 4 Mass. 635 ; Rex v. Jones, 2 Camp. 121 ; Martin & Yerger, 133. The certificate of even a subordinate officer, in the absence of proof to the contrary, is to be taken as genuine, and what it purports to be on its face.—Cox v. Jones, 1 Stew. 379.

2. The president acts through the heads of departments, whose action, within their appropriate spheres, is deemed to be his, when the law assigns or permits their action.—Wilcox v. McConnell, 13 Peters, 498.

3. The court will recognize the historical fact, that the subordinate bureaus of the war department, during its administration by Joel R. Poinsett, comprehended the subject-matter of the certificate ; and, if necessary, it will apply the maxim, *Omnia rite acta presumuntur*.

BAKER & LEWIS, *contra*.—The endorsement on the deed offered in evidence is no proof of the president's approval of the contract. It is extra-official—the mere statement of a fact, and is entitled to no more credit than the statement of a private person.—1 Greenl. Ev. § 498 ; Oakes v. Hill, 14 Pick. 442 ; Wolfe v. Washburn, 6 Cowen, 261 ; *ib*. 751.

WALKER, J.—The certificate of J. R. Poinsett, secretary of war, endorsed on a deed, and not under the seal of his department, that the deed had been approved by the president, is not evidence of the fact of the president's approval. The deed offered in evidence in this case was one made in 1834, by a Creek Indian, conveying his reservation under the treaty of 24th March, 1832; and does not convey the title, without the president's approval. Therefore, the court did not err in excluding the deed from the jury. The clear and indisputable principle, that " the president speaks and acts through the heads of the several departments, in relation to subjects which appertain to their respective duties," laid down in Wilcox v. Jackson, 13 Peters, has no application here. It is not a duty of the secretary of war to prove by his certificate the fact of the president's approval. If it be true that the fact of the president's approval is shown by the records in the war department, it may be that the record might be certified by the certificate of the head of that department ; but it would be at war with principle and authority, to permit him to prove by his certificate the facts evidenced by the record. It would contravene the principle that the record is the best evidence, and would substitute the judgment of that officer for that of the court, as to the effect of the record. The authorities cited below fully sustain our several positions. 3 Phillipps on Evidence, C. & H. Notes, note 702; Greenleaf on Evidence, 637, § 498; Brown v. Chambers, 12 Ala. 713; See the treaty copied in a note to Phipp v. McGehee, 5 Porter, 413.

The judgment of the court below is affirmed.

RICE, C. J., not sitting.