[No. 15961.    Department One.—January 31, 1896.]

## RICHARD P. HAMMOND, JR., REFEREE, RESPONDENT, *v.* HENRY CAILLEAUD, APPELLANT.

PARTITION — ORDER CONFIRMING SALE — APPEAL — PARTIES—CONCLUSIVENESS UPON PURCHASER—DEFECTIVE TITLE.—An order confirming a sale in partition is appealable by the purchaser, who becomes a quasi party to the suit, and becomes conclusive upon him upon his failure to appeal therefrom; and he becomes thereby legally bound to complete the purchase, notwithstanding objections made by him to defects in the title.

ID.— ORDER OF RESALE AT RISK OF PURCHASER—NOTICE—MOTION—APPEAL. Upon the refusal of a purchaser to complete a sale in partition which has been confirmed, the court may order the property resold at the purchaser's risk; and the purchaser is bound by such order, if he has notice of it, and if not, he should move to vacate or modify the order, and should take an appeal upon the denial of his motion.

ID.—ACTION FOR DEFICIENCY—EVIDENCE— DIFFERING TERMS UPON SALE AND RESALE.—The purchaser at the first sale, which was confirmed without appeal, when sued for the deficiency arising upon a resale, can-

not prove that the terms of the first sale were for a title free from defects, for the purpose of showing that he never became liable as a purchaser; but he may prove such terms, and that the second sale was made expressly at the purchaser's risk of defects in the title, for the purpose of showing that the conditions of the two sales were different, and that the resale was not a just or legal mode of ascertaining his liability for the deficiency.

ID.—PRESUMPTION—KNOWLEDGE OF PURCHASER—POWER OF OFFICER—MISLEADING REPRESENTATIONS.—The courts do not hold purchasers to presumptive knowledge of the limits of the power of an officer in making a sale; and where they are misled by his representations as to the state of the title, or of the incumbrances thereon, they are bound by the rule of *caveat emptor*.

ID.—ADEQUACY OF PRICE UPON RESALE—CONFIRMATION—PRESUMPTION—ESTOPPEL.—Where a larger price was bid upon an original sale, owing to the terms of sale expressly providing for a perfect and valid title, and the price bid upon a resale, which was confirmed, was much less, owing to the terms of sale being expressly at the purchaser's risk; and no fact or circumstance other than the differing conditions of sale tends to account for the difference in price, it must be presumed that all the difference between the two bids was induced by the terms of the second sale; and where the owners did not object to the confirmation of the second sale upon the ground that the price obtained was inadequate, they are estopped from denying the adequacy of the price obtained under the conditions of sale; nor can the referee making the sales deny the terms and conditions of the contract made by him with such purchaser.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.   D. J. MURPHY, Judge.

The facts are stated in the opinion of the court.

*A. Ruef,* for Appellant.

A partition suit is a special proceeding regulated entirely by statute, and no relief can be afforded in excess of what the statute provides. (*Waterman* v. *Lawrence,* 19 Cal. 210; 79 Am. Dec. 212; *Gates* v. *Salmon,* 35 Cal. 597; 95 Am. Dec. 139; *Emeric* v. *Alvarado,* 64 Cal. 529; *Tormey* v. *Allen,* 45 Cal. 119; *Leviston* v. *Swan,* 33 Cal. 480; *Regan* v. *McMahon,* 43 Cal. 627; *Thompson* v. *White,* 76 Cal. 383; *Richards* v. *Richards,* 136 Mass. 126.) The statute providing for partition does not in any place or by any intimation provide that a defaulting purchaser at a partition sale can be made to pay the deficiency that might arise on a resale. (Code Civ. Proc.,

secs. 752–801.) The exclusive remedy of plaintiff was by motion in the partition suit and not by an action at law. (*Miller* v. *Collyer*, 36 Barb. 250; *Andrews* v. *O'Mahoney*, 112 N. Y. 572; *Clarkson* v. *Read*, 15 Gratt. 288; *Wood* v. *Mann*, 3 Summ. 318; *The Kate Williams*, 2 Flipp. 50; *Richardson* v. *Jones*, 3 Gill. & J. 185; 22 Am. Dec. 293; *Anderson* v. *Foulke*, 2 Har. & G. 346; *Wadsworth* v. *Lyon*, 93 N. Y. 219; 45 Am. Rep. 190; *Dills* v. *Jasper*, 33 Ill. 273; *Goodwin* v. *Simonson*, 74 N. Y. 136; *Williams* v. *Blakey*, 76 Va. 254; *Cazet* v. *Hubbell*, 36 N. Y. 677; *Gregory* v. *Tingley*, 18 Neb. 318; *Ogilvie* v. *Richardson*, 14 Wis. 157; *Stimson* v. *Mead*, 2 R. I. 541; *Gordon* v. *Saunders*, 2 McCord Eq. 151; Jones on Mortgages, sec. 1643.) The order pleaded is not a judgment and cannot be enforced as such. (Code Civ. Proc. secs. 436, 546, 577, 1003, 4306; *In re Rose*, 80 Cal. 170.) Ordinarily a judgment is not final when it contemplates further and subsequent proceedings in the same court to precede the absolute determination of the rights of the parties. (*California S. R. R. Co.* v. *Southern Pac. R. R. Co.*, 67 Cal. 63; *Etchebarne* v. *Roeding*, 89 Cal. 521; *Harris* v. *San Francisco etc. R. R. Co.*, 41 Cal. 393; *Boggs* v. *Clark*, 37 Cal. 236; *Gray* v. *Palmer*, 9 Cal. 636; 28 Cal. 416; *Estate of Calahan*, 60 Cal. 232; *Estate of Walkerly*, 77 Cal. 642; *Bostwick* v. *Brinkerhoff*, 106 U. S. 3; *Benjamin* v. *Dubois*, 118 U. S. 46; *Coons* v. *Harllee*, 17 Fla. 484.) There was not and could not be an appeal from the order declaring that this defendant be held liable for the deficiency arising on the resale, and the order is not made final by the code. (Code Civ. Proc., secs. 936, 939; *Watson* v. *Sutro*, 77 Cal. 609; *Boggs* v. *Clark, supra; Riggs* v. *Pursell*, 74 N. Y. 378; *Van Rensselaer* v. *Sheriff*, 1 Cow. 501; *Richardson* v. *Jones, supra; Proctor* v. *Cole*, 104 Ind. 373.) Before the order could have any binding effect on the defendant, even in the partition suit, he should have been brought into court by notice or order to show cause. (*Hill* v. *Hill*, 58 Ill. 239; *Galpin* v. *Lamb*, 29 Ohio St. 531; *In re Yates*, 6 Jones Eq. 306; *Shaefer* v. *O'Brien*, 49 Md. 253; *Anthon* v. *Batchelor*, 22 Abb. N. C. 423.) If

the plaintiff made a contract with defendant agreeing that the title to the land should be perfect or no sale, the defendant had a right to hold the plaintiff to his agreement. (*Estate of Pearsons*, 98 Cal. 612.) A valid title means a perfect record title free from doubt and not depending on adverse possession. (*Sheehy* v. *Miles*, 93 Cal. 288; *Benson* v. *Shotwell*, 87 Cal. 49.) If the terms of the second sale were different from the terms of the first sale, the defendant could not be held for the deficiency. (*Riggs* v. *Pursell*, supra.)

*A. C. Freeman*, for Respondent.

A suit for partition is an equitable proceeding, and the court may exercise the powers and adopt the remedies appropriate to courts of chancery. (*Luco* v. *De Toro*, 91 Cal. 423; *Watson* v. *Sutro*, 86 Cal. 527.) An order of resale at the risk of the purchaser is the usual mode of compelling him to comply with his bid in all cases of judicial sale. (Daniell's Chancery Practice, 1282; *Harding* v. *Harding*, 4 Mylne & C. 514; *Hill* v. *Hill*, 58 Ill. 239; Freeman on Executions, sec. 313 d; *Dills* v. *Jasper*, 33 Ill. 273; *Schaefer* v. *O'Brien*, 49 Md. 256; *Gray* v. *Gray*, 1 Beav. 199.) If the purchaser, after a deficiency has been ascertained, refuses to make payment, an action may be brought by and in the name of the master, commissioner, sheriff, or other officer by whom the sale was made, for the deficiency resulting from the resale. (*Michener* v. *Lloyd*, 16 N. J. Eq. 41; Freeman on Executions, sec. 313 f, citing *Townshend* v. *Simon*, 38 N. J. L. 239; *Shinn* v. *Roberts*, 20 N. J. L. 435; 43 Am. Dec. 636; *Cobb* v. *Wood*, 8 Cush. 228; *Bowne* v. *Ritter*, 26 N. J. Eq. 456; *Galpin* v. *Lamb*, 29 Ohio St. 529; *Miltenberger* v. *Hill*, 17 La. Ann. 52.) When at a chancery sale a bid is once made, the purchaser by his act of bidding is brought within the jurisdiction of the court " with respect to all matters connected with the sale," and the court may thereafter deal with him " in such a manner as will compel him, if possible, to comply with the terms of the sale." (Freeman on Execu-

tions, sec. 313 a; *Requa* v. *Rea,* 2 Paige, 339; *Cazet* v. *Hubbell,* 36 N. Y. 677; *Gregory* v. *Tingley,* 18 Neb. 318; *Shann* v. *Jones,* 19 N. J. Eq. 251; *Mosby* v. *Hunt,* 9 Heisk. 675; *Thornton* v. *Fairfax,* 29 Gratt. 677; *Ogilvie* v. *Richardson,* 14 Wis. 157; *Gross* v. *Pearcy,* 2 Pat. & H. 483; *Dexter* v. *Arnold,* 5 Mason, 314; *Smith* v. *Arnold,* 5 Mason, 420; *Blackmore* v. *Barker,* 2 Swan, 340; *Stimson* v. *Mead,* 2 R. I. 541; *Gordon* v. *Saunders,* 2 McCord Eq. 151; *Wood* v. *Mann,* 3 Sum. 318.) It is not material whether the action for partition be regarded as a special statutory action or a proceeding in chancery, for the right to recover for a deficiency from a resale exists in every class of sales. This is clear from an inspection of the authorities, some of which are cited below. Thus, the rule has been applied to chancery sales. (*Gray* v. *Gray, supra; Harding* v. *Harding, supra; Schaefer* v. *O'Brien, supra; Hill* v. *Hill, supra; Ogilvie* v. *Richardson, supra; Mullikin* v. *Mullikin,* 1 Bland, 542; *Shinn* v. *Roberts, supra; Coffman* v. *Hampton,* 2 Watts & S. 377; 37 Am. Dec. 511; *Robinson* v. *Garth,* 6 Ala. 204; 41 Am. Dec. 47; *Cobb* v. *Wood, supra; Adams* v. *M'Millan,* 7 Port. 73; *Mount* v. *Brown,* 33 Mich. 566; 69 Am. Dec. 362.) An action lies at law upon a decree in equity, even in those states in which the courts of chancery and law are separate tribunals. (Black on Judgments, sec. 962; Freeman on Judgments, sec. 434; *Rowe* v. *Blake,* 99 Cal. 167; 37 Am. St. Rep. 45; *Shinn* v. *Roberts, supra; Coffman* v. *Hampton, supra; Cobb* v. *Wood, supra; Mayer* v. *Wick,* 15 Ohio St. 549, 552; *Mount* v. *Brown, supra; Townshend* v. *Simon, supra.*) When a matter has been presented for decision, and has been disposed of by an order, that order has the conclusiveness of a final judgment. (*Stich* v. *Goldner,* 38 Cal. 610; *Sharon* v. *Sharon,* 67 Cal. 196; Freeman on Judgments, sec. 326; *Weller* v. *Hammer,* 43 Minn. 195; *Easton* v. *Pickersgill,* 75 N. Y. 599; *Smith* v. *Zalinski,* 94 N. Y. 519; *McCullough* v. *Clark,* 41 Cal. 298; *Greenwood* v. *Marvin,* 111 N. Y. 440; *Lochnane* v. *Lochnane,* 78 Ky. 468; *Hecht* v. *Hecht,* 28 Ark. 92.) The order directing the resale at defendant's

risk was appealable by subdivision 3 of section 963 of the Code of Civil Procedure. (*In re Pearsons*, 98 Cal. 603.)

HAYNES, C.—This action was brought by plaintiff as referee in the partition suit of *Finnerty et al.* v. *Pennie et al.*, to recover the sum of seventeen hundred and fifty dollars from the defendant. The action of *Finnerty et al.* v. *Pennie et al.*, was for a partition of a certain lot situate on the corner of Natoma and Mary streets in the city of San Francisco, in which a decree was entered determining the interests of the several parties, the amount and priority of several liens thereon, and adjudging that said lot was incapable of partition, and ordering a sale thereof by Hammond, the plaintiff herein, who was duly appointed sole referee for that purpose, the sale to be subject to confirmation by the court.

The referee offered said property for sale at public auction, and at such sale the defendant herein became the purchaser upon his bid of seven thousand five hundred dollars, and thereupon deposited with the referee seven hundred and fifty dollars, that being ten per cent of the amount bid.

The purchaser opposed the confirmation of the sale upon grounds hereinafter stated, but the conrt confirmed the sale, and the referee executed and tendered a deed in due form, and demanded payment of the remainder of the sum bid, but the defendant refused to pay said balance or accept the deed.

These facts were reported to the court, and afterward an order was made for a resale of the premises, and directing the referee, in case such resale should not realize said sum of seven thousand five hundred dollars and the costs and expenses of the resale, to collect from defendant, by some proper proceeding, such deficiency.

To these facts, alleged in the complaint, the defendant answered, and also filed a cross-complaint and counterclaim. The answer, after denying the allegations of the complaint, alleged that said property was

offered for sale at public auction on the following terms and conditions, namely:

" The property to be sold to the highest bidder, the purchaser to receive a perfect and valid title, free from imperfections, otherwise there to be no sale; the bidder upon acceptance of his bid, to deposit with plaintiff ten per cent of the sum bid, to secure the bid and sale to him, and the balance of the bid to be paid, if the title should prove perfect and valid, upon conveyance to the bidder of said property with a valid and perfect title thereto, and after examination of said title by the bidder; and if the title should not prove to be perfect and valid and free from imperfections, nor made so within thirty days after notice by the bidder to plaintiff of defects therein, the said deposit of ten per cent to be returned by plaintiff to bidder on demand "; and that he bid for said property said sum of seven thousand five hundred dollars, with the express agreement that if the title to said land should prove imperfect, invalid, and not free from all imperfections, there should be no sale, and that said deposit should be returned to him upon demand.

He further alleged that the title to said lot was invalid and not free from imperfections, that he notified plaintiff thereof, that plaintiff refused to make said title perfect, and that he thereupon demanded the return of his deposit. He admitted that said sale was reported to the court for confirmation, but denied that the terms and conditions thereof were reported; that he filed objections thereto, stating the terms under which his purchase was made and specifying certain defects in the title, but that the court decided that he would not be bound by the decision of the court thereon, nor by such confirmation, and refused to hear or consider his objections thereto. He admitted the tender of the deed, but denied that such tender was in pursuance of the terms of the sale, or that it would have conveyed a valid title, and averred his readiness and willingness to comply with the terms of the sale.

He further alleged that the terms and conditions under which the property was resold were different from the terms and conditions of the first sale; that at the second sale it was expressly stated that the purchaser should take the title as it stood without any agreement that it was perfect or should be made so upon notice of defects, and that by reason of such change in the terms and conditions of sale the selling value of the property was greatly depreciated.

At the second sale one Denigan became the purchaser at the sum of five thousand dollars. The cross-complaint and counterclaim were interposed for the purpose of recovering the deposit of seven hundred and fifty dollars.

The cause was tried by the court, and findings and judgment were for the plaintiff for said sum of seventeen hundred and fifty dollars, with interest, and from said judgment and from an order denying his motion for a new trial the defendant appeals.

Appellant's defense to said action is based upon two distinct propositions: 1. That his purchase was conditional upon his obtaining a good title, and that the title was not good; and, 2. That he is not liable for the deficiency or loss upon resale, because the terms and conditions of the two sales were materially different.

To these propositions respondent replies, in effect: 1. That the sale to appellant was confirmed by the court, and that order not having been appealed from, appellant is concluded as to all questions involved in the confirmation; and 2. As the referee had no power to give or impose any conditions of sale not contained in the decree or authorized by law, and as the rule of *caveat emptor* applies to judicial sales, and as he is conclusively presumed to know the law, that he therefore purchased under the conditions imposed by the law, and not under different conditions alleged to have been made by the referee without authority, and if so, the two sales were made under the same conditions.

1. That the order confirming the sale to Cailleaud, the

first purchaser, was appealable, and became conclusive upon his failure to appeal, I think is clear.

In *Boggs* v. *Fowler*, 16 Cal. 560, 76 Am. Dec. 561, it was held, in a foreclosure case, that the purchaser by his act of purchase submitted himself to the jurisdiction of the court in that suit as to all matters connected with the sale, and was entitled to apply for such relief as the facts of the case might justify, and that upon his application the sale could be set aside and the satisfaction canceled.

In *Hickson* v. *Rucker*, 77 Va. 135, it was said: "By buying at such sale the purchaser selects his forum, comes into the case, and submits himself to the court as to all questions concerning the sale and his purchase."

That in sales under a decree in equity the purchaser becomes a quasi party to the suit, see note to *Mount* v. *Brown*, 69 Am. Dec. 368, and cases there cited, and Jones on Mortgages, sec. 1642.

The confirmation of a sale often involves rights of vast importance. A purchaser at a judicial sale may thereby be deprived of a purchase of great advantage to him, or have improperly imposed upon him a burden he should not bear. But it is urged by appellant that there is no provision of the statute under which he could have appealed from that order; that the decree in partition was interlocutory, that he was not a party and could not appeal therefrom. But the decree in this case was not interlocutory but final. It not only determined the several interests of the cotenants and the amounts and priorities of the several liens, but also adjudged the property incapable of partition, and decreed that it be sold, and directed the distribution of the proceeds, which distribution is to be made by the referee when the decree so directs (Code Civ. Proc., sec. 773), so that the sale and confirmation were simply steps to be taken in the execution of the decree, and the order of confirmation was an order made after final judgment. The appeal from an interlocutory judgment in partition provided for in section 963, subdivision 2, of the Code of

Civil Procedure, is only "from such interlocutory judgment in actions for partition as determines the rights and interests of the respective parties, *and directs partition to be made."*

But if the decree did not become final until the sale was confirmed, it then became final, and the purchaser, being then a party to that which made the decree final, had the right to appeal from that part of the decree as to which he was a "party aggrieved."

The defendant was therefore concluded, by the order of confirmation, as to all objections made to the confirmation of the sale, and became legally bound to complete the purchase.

There are three modes of proceeding in a court of equity when a purchaser, after confirmation, fails or refuses to complete his purchase: 1. Set aside the sale, release the purchaser, and order a resale; or, 2. Decree a specfic performance of the contract; or 3. Order a resale, holding the purchaser responsible for any deficiency. (See Jones on Mortgages, sec. 1642, and cases there cited.)

The third of the above modes of procedure is the one pursued in this case. Upon the trial the defendant, in order to prove that he never became liable as a purchaser, offered in evidence the following written terms and conditions of said sale (omitting the description):

"SAN FRANCISCO, December 14, 1891.

"We have this day sold to H. Cailleaud, at the price of $7,500 in gold coin, the following described property:

" Seven hundred and fifty dollars, cash in hand paid, the receipt of which is hereby ackhowledged; $6.750, payable ten days after date, or upon completion of the examination of title and the other papers connected therewith, as hereinafter specified; ten days (from date hereof) are allowed for the examination of the title. If the title is not found valid, nor made so in thirty days after notice to us of defect therein, the deposit, for which this is a receipt, is to be returned on demand. If the

title is found or made valid, within the time herein specified, and the sale is not closed in accordance with the above terms, the sum of $750, for which this is a receipt, is to be forfeited. The owner hereof binds himself upon receipt of the purchase money to deliver to H. Cailleaud a valid title to said property, unincumbered, unless it is specified above that certain liens are assumed. Time is of the essence of this contract. Subject to confirmation by the superior court of the city and county of San Francisco.

<div align="center">"RICHARD P. HAMMOND, JR., Referee."</div>

" I hereby agree to buy the property above described upon the terms and conditions hereinabove expressed.

<div align="center">"HENRY CAILLEAUD."</div>

An objection to its introduction in evidence for that purpose was properly sustained, the validity of defendant's purchase having been conclusively adjudicated by the order confirming the sale.

The defendant afterward offered to prove that at the second sale it was expressly stated that the purchaser would take the title as it was, that one sale had been confirmed and the purchaser had refused to take it; and, in that connection, for the purpose of proving that the terms of the two sales were different, also again offered the writing above quoted.

We have held that the order confirming the first sale was appealable, and that having failed to appeal the purchaser was bound by the order of confirmation, and could not relitigate the questions arising upon the motion to confirm. But conceding for the moment that his objections to the title were groundless, and that therefore the terms and conditions of his purchase were fully complied with, and that without cause or excuse he refused to take the property, and deliberately intended to suffer all the legal consequences of such refusal, the resale could not be either a just or legal mode of ascertaining his liability unless made upon the same terms and conditions as those under which he pur-

chased. (*Riggs* v. *Pursell,* 74 N. Y. 370; *Shinn* v. *Roberts,*
20 N. J. L. 435; 43 Am. Dec. 636.)   The court refused
to permit the defendant to prove what the terms of the
second sale were, as announced by the auctioneer, the
court holding that the terms of the second sale were
definitely fixed by the order of sale and the published
notice, and that the defendant would not be allowed to
contradict these; and also refused to permit proof of the
terms and conditions of the first sale for the purpose
of showing that the conditions of the two sales were
different.

Conceding that the rule of *caveat emptor* applies to
judicial sales generally, and that the order of sale was
silent as to any conditions relating to the validity or
invalidity of the title to be acquired by the purchaser
thereunder; and further conceding, for the purposes of
this opinion, that the referee derived no power from the
statute or the order of sale to stipulate with the pur-
chaser that the title should be good and free from im-
perfections, or the sale be void, it does not follow that
the purchaser was bound to accept an imperfect title,
if it be true that the referee sold the property under
the conditions alleged and offered to be proved by the
defendant.

If it be true that purchasers are conclusively bound
to know the limits of the powers of the officer making
the sale, it must follow that, as matter of law, they are
not affected or influenced by any representation made
by the officer, or by any terms or conditions given or
imposed by him, and therefore the sale must, for the
purposes of confirmation, as well as for all other pur-
poses, be deemed to have been regular and valid; and
not only so, upon that theory it would be impossible
that two sales, made by the same officer, of the same
property, under the same order of sale, could be made
on different terms; and if so there could be no founda-
tion for the established rule, that in order to hold the
first purchaser liable for the loss upon a resale the terms
and conditions of the two sales must not be different.

But that courts do not hold purchasers to such presumptive knowledge, in confirming sales, is well settled.

In *Woodward* v. *Bullock,* 27 N. J. Eq. 507, bidders were misled as to the amount of the encumbrances to which the sale was made subject, both by the sheriff and the successful bidder. The sale was set aside.

In *Hayes* v. *Stiger,* 29 N. J. Eq. 196, the court said: "Where surprise or misapprehension is occasioned by the conduct of the purchaser or the officer making the sale, to the injury of a person interested, the court will interfere."

In *Black* v. *Walton,* 32 Ark. 321, the syllabus is as follows: "A sale by a guardian of his ward's land under an order of the probate court, is a judicial sale, and the rule *caveat emptor* applies; but if the land is purchased upon the representation of the guardian that the purchaser would acquire a good title, which turns out to be untrue, the purchaser will not be held at law or in equity, although the guardian may not have known the falsity of his representations."

In *Veeder* v. *Fonda,* 3 Paige, 94, the chancellor said: "As property to a vast extent is sold under the orders and decrees of this court, much of which belongs to infants and others who are not able to protect their own rights, it has always been an important object with the court to encourage a fair competition at master's sales. For this purpose it is necessary that purchasers at such sales should understand that no deception whatever will be permitted to be practiced upon them; that in a contract between them and the court they will not be compelled to carry the contract into effect under circumstances where it would not be perfectly just and conscientious in an individual to insist upon the performance of the contract against the purchaser, if the sale had been made by such an individual or his agent. It is, therefore, a principle of the court that the master who sells the property shall not, in the description of the same, add any particular which may unduly enhance the value of the property or mislead the purchaser."

These authorities clearly show that for any error, irregularity, or misrepresentation of the officer, whether intentional or otherwise, whereby the purchaser has been misled to his prejudice to such extent as to make it unconscionable that his contract of purchase should be enforced against him, the sale will not be confirmed. But in this case, as here presented, it is not necessary to go further than to hold that if, by the alleged terms and conditions of the sale to appellant, he was led to bid more for the property—to any material extent, at least—than he would if he had been informed, as the purchaser was at the second sale, that he must take the title as it was, whether defective or not, it is obvious that the re-sale did not furnish any just measure of damages. No fact or circumstance is disclosed by the record other than the different conditions under which these sales were made, which tends, in any degree, to account for the difference between the final bids at these two sales; and, under such circumstances, we must conclude that all above the amount of the second sale which was bid at the first, was induced by the condition that the purchaser took no risk as to the title. The owners are estopped from saying that the price obtained upon the second sale was inadequate, since they are not shown to have opposed confirmation upon that ground, and, therefore, the presumption is strengthened that the higher price obtained at the first sale was secured by the more favorable conditions given to appellant.

If the referee had entirely omitted to publish notice of the sale, and had made a private contract for the sale of the property, and the owners (creditors not being affected) had been satisfied with the terms of sale and the price obtained, and with knowledge of the facts had obtained its confirmation, the sale so confirmed would have been valid, and they could not thereafter have objected that they were not bound by the acts of the referee, though made without authority. Here the owners were informed before confirmation of the terms

of the written contract, and should be held to have rati-
fied that contract as to all its terms and provisions.

But whether that be true or not, this action is brought
by the referee, who alone is authorized to maintain the
action, unless by assignment he confers that right upon
another. (*Mayer* v. *Wick*, 15 Ohio St. 548.)   In *Galpin*
v. *Lamb*, 29 Ohio St. 529, 534, it was said: "The con-
tract of purchase is made with the officer as represent-
ing all the interests involved in the suit in which the
judgment or decree of sale is rendered. He and the
purchaser are the only parties to the contract of pur-
chase; and he alone can maintain an action against the
purchaser to recover the purchase money"; and in com-
menting upon the case of *Mayer* v. *Wicks*, *supra*, it was
said: "In that case the sale had been confirmed, and
the officer had thus become responsible for the purchase
money. He had tendered the deed to the purchaser,
and assigned his right of action to the plaintiff in the
decree under which the property was sold, and the lat-
ter was allowed to maintain the action for the purchase
money." (See, also, *Michener* v. *Lloyd*, 16 N. J. Eq. 38.)

If therefore the right of the referee to prosecute this
action is based upon the contract he made with the pur-
chaser, it would appear to be clear that he should not
be permitted to say, "I am not bound by the written
contract I made with you, because I had no power to
make it, and therefore it did not constitute any part of
the terms and conditions of the sale, and you cannot
use it for the purpose of showing that the terms of the
second sale were different."

If without a resale the referee had brought suit against
the defendant to recover the unpaid purchase money, the
action could properly have been sustained, because the
order confirming the sale, not having been appealed
from, absolutely fixed the defendant's liability as a pur-
chaser; but he was not concluded by his failure to
appeal from showing the terms of his purchase to have
been different from those of the second sale.

As to the order of resale at appellant's risk, made April 7th, I think appellant is bound thereby. It recites that the purchaser had notice, and was represented by counsel. If that were untrue, he should have moved to vacate or modify the order, and upon a denial of his motion have taken an appeal.

No other questions require notice.

The judgment and order appealed from should be reversed and the cause remanded.

SEARLS, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are reversed, and the cause remanded.

HARRISON, J., VAN FLEET, J., GAROUTTE, J.

Hearing in Bank denied.