# HAMMOND v. CAILLEAUD.

## S. F. No. 1157; March 13, 1900.

### 60 Pac. 523.

Partition Sale.—Where in an Action to Charge Defendant for the difference between the price bid for land by him at a partition sale and the price obtained on a resale after his refusal to accept the land, he introduced evidence which would have sustained a finding that there had been a material variance between the terms of the sales, and, after finding to the contrary, the trial court ordered a new trial generally, such order will not be reversed on appeal, since it nowhere appeared that it was not granted because such finding was contrary to the evidence.

Partition Sale.—Though the Recitals of a Referee's Receipt given for a sale of land at public auction on partition are not conclusive of the terms and conditions of such sale in an action against the purchaser to recover the difference between the price bid by him and the price at which the property was subsequently sold on his refusal to complete the purchase, they are admissible as tending to show the true terms and conditions thereof.

APPEAL from Superior Court, City and County of San Francisco.

Action by Richard P. Hammond, Jr., referee, against Henry Cailleaud, for breach of contract. Judgment for plaintiff. From an order granting a new trial, plaintiff appeals. Affirmed.

A. C. Freeman for appellant; A. Reuf for respondent.

GAROUTTE, J.—Judgment went for plaintiff in this case and a new trial was ordered. The present appeal is from that order. A full statement of the facts giving rise to this litigation may be found in Hammond v. Cailleaud, 111 Cal. 206, 52 Am. St. Rep. 167, 43 Pac. 607. The material facts to be here considered are these: Defendant purchased certain real estate at public auction in proceedings for partition. He paid ten per cent at the time of the sale, and upon confirmation of the sale by the court refused to take the deed, and pay the balance of the purchase price. Thereupon a second sale was ordered by the court, and made to the other parties, and the present action is brought to recover from the defendant the

difference between the respective amounts of the first and second purchase price. It was decided upon the former appeal in this case (Hammond v. Cailleaud, supra) that, in order to establish a liability against this defendant, it must be shown that the second sale was held, in all substantial respects, upon the same terms and conditions as the first sale. It was further held that, notwithstanding the real estate was confirmed to defendant, under his purchase, against his objection, and he did not appeal from such decree of confirmation, still the terms and conditions under which he purchased could be shown by parol evidence for the purpose of establishing that these terms and conditions were not the same as those which governed the second sale. In view of the decision of this court as to these matters upon the previous appeal, which decision forms the law of the case at the present time, evidence was offered at the trial in the superior court tending to show a material difference between the terms and conditions of the first and second sales. This evidence was sufficient to have supported a finding of fact to that effect, yet findings of fact were made to the contrary. In this state of the case the trial court granted the motion for a new trial in general language; and, in view of the evidence to which we have just adverted, it is impossible for this court to know but that the new trial was granted upon the ground that the aforesaid finding of fact was contrary to the evidence. Under these circumstances the order granting the new trial cannot be reversed. As to the receipt given defendant by the referee, the plaintiff herein, soon after the sale, even conceding that its recitals are not conclusive evidence of the terms and conditions of the sale, still, beyond any doubt, those recitals are some evidence tending to show the true facts as to the terms and conditions of the sale to defendant. For the foregoing reasons, the order is affirmed.

We concur: Harrison, J.; Van Dyke, J.