SCHALCHLIN *v.* CORNEY.

Opinion delivered April 30, 1928.

*Price Shofner,* for appellant.

*J. F. Wills,* for appellee.

McHANEY, J. This appeal comes from a decree of the Pulaski Chancery Court sustaining a demurrer to appellant's complaint, which alleged that the appellee is the administrator of the estate of Bettie Bowers, deceased, and that on February 5, 1923, by order of the Pulaski Probate Court, the appellee sold to him all the right, title and interest of the deceased in and to lot 5, block 5, McDiarmid's addition to the city of North Little Rock, to provide funds to pay the debts against the said estate, for the sum of $1,185 in cash, which sale was confirmed by the probate court, and deed executed to appellant; that appellant and appellee thought a fee simple title was conveyed by said sale, and that the appellee represented to him that he was selling a fee simple title;

that he had a right to rely upon appellee's representations in this regard, and that they both thought, for about two years thereafter, that the fee had been conveyed; that thereafter the collateral heirs of Wash Bowers brought suit against him to recover an undivided one-half interest in said land, and did recover such interest; that he paid the sum aforesaid for the fee, and, by reason of a mutual mistake on the part of both him and appellee, he should recover $592.50, one-half the purchase price paid.

Other allegations are contained in the complaint regarding the claims filed, and an amendment to the complaint was filed, setting up other allegations, which are not necessary to detail.

We think the court correctly sustained the demurrer and dismissed the complaint for want of equity. The administrator was ordered to sell all the "right, title and interest" of Bettie Bowers in and to said lot for the purpose of paying her debts, and only such interest was conveyed by the deed which was executed by the administrator, and no warranty of title was made. There is no allegation of fraud on the part of any one in the complaint, but the substance of the charge is that both he and the administrator thought a fee simple title was conveyed. But the fact that they were both mistaken in this regard does not make the estate liable for one-half the purchase price of said land. He made no investigation of the records of Pulaski County to determine whether the deceased owned the title to said property in fee, but says that he relied upon the representations of the administrator. When he discovered that he did not have the fee simple title, but only an undivided one-half interest therein, he made no offer to rescind the transaction, but elected to keep whatever interest he acquired therein, and to sue for one-half the price paid.

This was a judicial sale. Sales made by executors, administrators and guardians under orders of the probate court are judicial sales, and, as a general rule, purchasers at such sales, as in all other judicial sales, act at

their peril. In the case of *Apel* v. *Kelsey*, 47 Ark. 413, 2 S. W. 102, this court said: "An administrator's sale to raise money to pay debts is a judicial sale, according to all the tests that can be applied."

And in *Black* v. *Walton*, 32 Ark. 321-324, this court said:

"A sale by a guardian of his ward's land, under an order of the probate court, is a judicial sale, and, as a general rule, a purchaser at such sale acts at his peril. The guardian sells such estate only as his ward has, and the purchaser must make inquiry as to the title and the authority of the guardian to sell. The guardian makes no warranty of title, and, if he covenants for title, he only binds himself personally. The rule *caveat emptor* applies to such sales."

In that case the court cited *McCauley* v. *Guynn*, 32 Ark. 97, where it is said: "The rule *caveat emptor* applies to judicial sales. Guynn, in accepting a deed from one claiming to sell as guardian, was obliged to inquire, and he had the means of ascertaining, by what authority he acted, and he took the conveyance at his peril. Rorer on Judicial Sales, § 450; *Washington* v. *Roberts*, 9 Ala. 297; *Bingham* v. *Maxey*, 15 Ill. 295."

We do not think *Black* v. *Walton, supra,* gives appellant any comfort in his contentions, for the reason that the facts are wholly different. There the guardian, Walton, attempted to sell land of his wards to which they had no title, at which sale Black became the purchaser, but, before paying the purchase price, he discovered that the wards had no title to the land, and refused to pay his bid, and this court very properly held that Black could not be made to pay his bid, since the wards for whose interest the sale was made had no title whatever to the land. But here, appellant acquired an undivided one-half interest in fee, entered into possession of the whole estate, kept it for two years, when the heirs at law of the husband of Bettie Bowers took from him their

one-half interest therein. The rule of *caveat emptor* applies with all its vigor and strictness to judicial sales, and, this being a judicial sale, it applies here.

We find no error, and the decree is affirmed.