## WICKERSHAM v. TIMMONS.

1. **Minor:** ACTION AGAINST: PRACTICE. The failure to appoint a guardian *ad litem*, in an action against a minor, until after the trial h s commenced, will not vitiate the verdict where no prejudice is shown to have resulted from the failure.

2. **Practice:** MISCONDUCT OF COUNSEL. Misstatements of counsel in their argument to the jury may be a ground for setting aside a verdict, but a presumption will obtain in favor of the action of the trial judge in refusing a new trial therefor.

*Appeal from Marshall Circuit Court.*

TUESDAY, OCTOBER 22.

ACTION for seduction. The facts are stated in the opinion. Judgment for plaintiff. Defendant appeals.

*H. E. J. Boardman* and *Sears & Lemert,* for appellant.

*Caswell & Meeker,* for appellee.

ADAMS, J.—I. The defendant, at the time of the trial, was a minor. No guardian *ad litem* was appointed until after the trial had commenced and several witnesses had been examined, and the plaintiff had rested. The court then appointed H. E. J. Boardman, one of the defendant's counsel. After accepting the appointment Boardman stated that he did not deem it his duty to adopt the trial thus far, and requested a reasonable time to consult with his ward and prepare a defense. The court denied the request, directed the trial to proceed immediately, and the guardian *ad litem* proceeded under protest. The defendant reserved an exception to the action of the court in this respect, and now assigns the same as error.

He relies upon a provision found in section 2566 of the Code, which is in these words: "The defense of a minor must be by his regular guardian, or by a guardian appointed to defend

where no regular guardian appears." The defendant contends that this provision is not complied with where a part of the defense is conducted without a guardian.

It is undoubtedly the duty of every court to guard with great care the rights of minors, who, in contemplation of law, are incapable of acting for themselves. If, therefore, it appeared to us that the defendant did not have as fair a trial in every respect as he could have had if a guardian *ad litem* had been appointed before the commencement of the trial, we should not hesitate to hold that a new trial ought to be given. We can conceive, for instance, that a minor might employ young and inexperienced counsel in a case of great magnitude, and that a guardian *ad litem*, upon being appointed, might prefer to employ other counsel. In such case it would be proper to allow them sufficient time to become acquainted with the points of the defense, and, if they desired it, to allow them the privilege of impaneling a new jury and commencing the trial anew. In the case at bar it is not claimed, nor was it claimed in the court below, that other counsel were needed. It was suggested that other counsel might be employed. But this was not sufficient. If the court knew, as we may presume it did, that the counsel already employed and engaged in the defense, and who was appointed guardian *ad litem*, was an able and experienced lawyer, and abundantly qualified in every respect to conduct the defense, it was justified in disregarding the suggestion that other counsel might be employed.

We can conceive of no advantage in this case which could have accrued to the defendant if the guardian *ad litem* had been appointed before instead of after the commencement of the trial. If Mr. Boardman, by reason of his appointment, considered himself charged with greater responsibility, or was stimulated to greater effort, he still had an opportunity to supply any omissions. While, therefore, the practice of neglecting the appointment of a guardian *ad litem* until after the commencement of a trial is not to be encouraged, it appears to us that the failure to do so, under circumstances which pre-

Wickersham v. Timmons.

clude the supposition of prejudice, does not necessarily vitiate the verdict, even where the guardian *ad litem* objects to proceeding, and proceeds only under protest.

II. The defendant moved for a new trial on the ground that the plaintiff's counsel made improper statements to the jury in his argument. In support of his motion he filed the affidavit of one Robert Timmons to the effect that he heard plaintiff's counsel, in his closing argument to the jury, say that Ankeny was hired to give his testimony, and that the affiant understood him to say that he knew of his own knowledge that money was sent out to Wyoming Territory to pay for the same. Ankeny was a material witness for the defendant. Had the jury believed him the verdict would necessarily have been for the defendant. If the counsel made the statement as shown by the affidavit it was highly improper. Whether he made precisely that statement is shown only by the affidavit. That he made an improper statement of some kind seems probable, from an instruction.

2. PRACTICE: misconduct of counsel.

The court instructed the jury that the statements of counsel concerning the procurement of the deposition of the witness Ankeny were not admissible or proper for their consideration. Misconduct of this kind may be such as to justify a court in setting aside a verdict. The counsel charged with the improper statement claims that what he said was that he believed that Ankeny's testimony was bought. The objectionableness of the statement could be determined only by having before us the precise words used. The court must be presumed to have heard them, and to have deemed it sufficient to instruct the jury as it did. In refusing to grant a new trial the court may have acted more upon its own recollection of the words used than upon the affidavit of Timmons. Such being the case we do not think that we should be justified in saying that the misconduct was such that the verdict should be set aside.

III. The verdict was for five thousand dollars. It is urged

by the appellant that the verdict is excessive.  Our attention
is called to the fact that it appears in evidence that the
defendant, at the time of the alleged seduction, was only six-
teen years of age.  But this fact being before the jury we
must presume that the defendant had the benefit of it, not-
withstanding the amount allowed may seem large.  Certain
it is that the injury which has been sustained by the plaintiff
is greater than money can repair.  What damages were prop-
erly allowable it was for the jury to determine, in the exercise
of a sober and temperate judgment, in view of all the circum-
stances of the case.  That such judgment was exercised we
have no reason to doubt, and the verdict must be allowed to
stand.

AFFIRMED.