WEBSTER V. PAGE ET AL.

54   461
d111   19

54   461
135   433

1. **New Trial**: MINOR: GUARDIAN AD LITEM. A new trial cannot be obtained by a minor, under paragraphs 5 and 8 of section 3154 of the Code, on the ground that he did not appear on the trial by guardian, where it is shown that after his appearance by attorney such attorney was appointed his guardian *ad litem*, and continued to act for him through the trial, and no prejudice to the minor is shown.

2. ——: ——. The errors which may be considered in such a proceeding for a new trial, and which will authorize the vacation of the judgment, are such as would be ground for its reversal on appeal.

*Appeal from Marshall Circuit Court.*

WEDNESDAY, OCTOBER 6.

A JUDGMENT was rendered against plaintiff and others in an action to recover for an injury to the personal property of plaintiff in that action by the negligent acts of defendants. This proceeding is to obtain a new trial in that action. An injunction was allowed herein to restrain the enforcement of the judgment against plaintiff, which, upon motion, was dissolved. Plaintiff appeals.

*J. M. Parker* and *Brown & Binford*, for appellant.

*Henderson, Merriman & Carney*, for appellees.

BECK, J.—I. The plaintiff seeks to vacate the judgment rendered against him, and to obtain a new trial, under paragraphs 5 and 8 of Code, § 3154, which authorize a judgment to be vacated on the ground that the proceedings were erroneous, and the errors and his minority do not appear in the proceedings, and for errors generally, in a judgment against a minor, if shown within twelve months after he arrives at full age.

II. The plaintiff insists that the court below erroneously sustained the motion for reason that plaintiff did not appear in the original action by guardian. This position is not sus-

1. NEW TRIAL: minor: guardian.

tained by the record. A guardian *ad litem* was appointed and did appear for plaintiff. It is true that the appointment was made during the trial, and after answer by attorney. The attorney was appointed guardian *ad litem*, and continued to act for plaintiff thereafter. In the absence of prejudice resulting to plaintiff, and none is shown, this was sufficient. and plaintiff cannot object on that ground to the judgment. *Wickersham v. Timmons*, 49 Iowa, 267.

III. The petition alleges that plaintiff's guardian at law was, during the trial, sick and unable to make defense for him. But it does not appear that this matter was brought to the attention of the court. There was, and could have been, no error committed in reference thereto. The court in this proceeding is not authorized to grant a new trial on the ground of misfortune or casualty.

IV. It is insisted that there was error in that the evidence, upon several questions of fact, does not sufficiently support the judgment. The errors which may be considered in this proceeding, and which will authorize the court to vacate the judgment, are such as would be a ground of reversal upon appeal. *Bickel v. Erskine*, 43 Iowa, 213.

The issues in the case upon which plaintiff insists there was not sufficient testimony to support the verdict were the subjects of conflict in the evidence. The testimony will not be weighed upon appeal in an action at law, and the judgment reversed upon a mere preponderance of evidence. There must be such an absence of proof to support the judgment as to authorize the conclusion that it was the result of prejudice or passion. Nothing of the kind appears in this case.

No other questions demand consideration.

AFFIRMED.