43  521
81  465

## WOODALL v. DELATOUR.

1. TAXES: *Lien of agent for.*

No lien can be declared for an agent for taxes paid on his principal's lands, and for trouble and expenses incurred in assessing them, unless he avers in his pleading that he was seized of the

lands or had the care of them; and taxes paid upon personalty cannot be joined with taxes upon land, and included in the judgment and lien for the latter.

2. PRACTICE: *In suits against infants.*

A judgment by default cannot be taken against an infant, even when he has a regular guardian who is summond to appear. Upon his failure to answer for the infant, a guardian *ad litem* must be appointed, and defense made by him, before judgment can be rendered against the infant.

APPEAL from *Phillips* Circuit Court in Chancery.

Hon. J. N. CYPERT, Circuit Judge.

*Palmer & Nicholls*, for appellant.

1. It was error to declare a lien on the lands for the amount of the taxes upon the personal property. There is no law to warrant it.

2. It is not averred that Delatour was *seized or had the care* of the lands, and this case falls within the rule of *Peay, adm'r v. Field*, 30 *Ark.*, 690; *Gantt's Dig., Sec.* 5233.

DuVAL, SPECIAL JUDGE. On 18th day of April, A. D. 1876, the appellee filed his complaint in equity, against Mrs. S. W. Woodall, Bythena E. Woodall, Arthur B. Woodall, and Mary E. Woodall, minors, and D. E. Holland, as guardian for Bythena, Arthur B. and Mary E. Woodall, and on the same day summons was issued, directed to the sheriff, and returned served.

The complaint alleges and sets forth that the plaintiff, as agent for the defendants, on the 16th day of April, 1874, paid the taxes assessed on certain land therein described, amounting to the sum of three hundred and twenty-eight dollars and eighty cents, and also the sum of twenty-six dollars and forty-four cents, assessed as a personal tax, making

Woodall v. Delatour.

a total of taxes paid at the request of said defendants, three hundred and fifty dollars and forty-seven cents.

He filed with his complaint the receipts of the collector for the amounts, whereupon he prayed judgment for said sums, with a reasonable commission for attending to said payment and advances. That the same be charged as a lien upon the lands therein described, and that in default of payment, by a day to be fixed by the court, that the lands be sold, &c.

There was no defence interposed by any of the defendants, nor by their guardians, and at the May term, 1876, judgment by default was entered in favor of the plaintiff, for the sum of four hundred and sixty-two dollars and eighty-five cents, with interest and cost of suit, and it was ordered and decreed that if said amount was not paid on or before the 20th of June, 1876, that the lands therein described be sold to satisfy the same.

The amount paid for taxes on the personal property was included in the judgment and declared to be a lien upon the real estate. There was no distinction recognized by the court below, as to whether the taxes were paid on personal or the real estate. *No lien on real property for taxes paid on personals,*

It was error to hold that there was a lien upon the real estate for taxes paid on the personal property.

The lien sought to be enforced derived its validity from section 5233, Gantt's Digest, which declares that: "Every agent, guardian, executor, or administrator seized or having the care of lands, who shall be put to any trouble or expense in listing or paying taxes on such lands, shall be allowed a reasonable compensation for the time spent, the expense incurred and money advanced, which shall be deemed in all courts a just charge against the person for whose benefit the sum shall have been advanced, and the same shall be preferred to all other debts or claims, and be *Lien of agent for taxes paid.*

Woodall v. Delatour.

a lien on the estate, both real and personal, of the person for whose benefit the same shall have been advanced."

*Necsssary averments in his complaint.* This case comes clearly within the ruling in *Peay ad. of Shall v. Field et al*, 30 *Ark.*, 600. In this, as in that case, the appellee " does not aver that he was seized of or had the care of the appellant's land in any capacity, but he does aver that he advanced the money and paid the taxes.

This is not sufficient, the additional averment to create a lien was necessary, either that he was seized of the lands or had the care of them.

*2. PRAC-TICE: No judgment by default against infants.* As part of the defendants were infants, the court below erred in rendering a decree by default against them. *Section* 4493, *Gantt's Digest*, declares that, " The defence of an infant must be by his regular guardian or by a guardian appointed (by the court) to defend for him when no regular guardian appears, or where the court directs a defence by a guardian. *No judgment can be rendered against an infant until after a defence by a guardian.* The guardian to defend shall be appointed by the court or the judge thereof. The appointment cannot be made until after summons in the action. *Sec.* 4494, *G. D.*

It might be inferred from the papers that the infants had a regular guardian, and that he had been served with process. His default could not prejudice his wards—it was the duty of the court, as he failed to appear, to appoint a guardian *ad litem,* and direct him to make a defence for them. Until that was done the court could not proceed in the cause.

It has been the uniform rule of this court to insist upon a strict construction of law for the protection of infant litigants. And in future, as in the past, the rule will be adhered to with the utmost rigor.

For the error above referred to, this cause must be reversed.

JUDGE SMITH did not sit in this case.