Apel v. Kelsey.

## APEL v. KELSEY.

1. EJECTMENT: *Evidence.*
   In an action of ejectment the plaintiff must succeed, if at all, on the strength of his own title.

2. ADMINISTRATION : *Petition to sell land; Where to be filed.*
   The petition for the sale of a decedent's lands for payment of debts must be filed in the probate court of the county in which the administration is pending.

3. SAME: *Notice of application to sell land.*
   The omission to give any notice of an intended application for the sale of lands, or to have the lands appraised by three householders of the county, or to advertise the sale as required by law, are all merely errors to be corrected on appeal, and do not affect the jurisdiction of the court to order the sale or confirm it after it is made. These are all cured by a confirmation of a sale made under an order of the court.

4. SAME : *Sales must be confirmed.*
   A probate sale of land for payment of debts is a judicial sale and passes no title until it is confirmed; and confirmation must be proved, it cannot be presumed.

5. EVIDENCE: *Copy of recorded deed.*

A certified copy from the registry of a recorded deed, is admissible as evidence of the contents of the original deed.

6. ACKNOWLEDGMENT: *Curing act.*

A justice of the peace of another state is not authorized to take acknowledgments of deeds for lands in Arkansas, and such an acknowledgment does not authorize the recording of the deed, but the defect of such acknowledgment was cured by the curing act of 1883 (*Mans. Dig, sec. 683,*) in all deeds recorded prior to the 1st day of January, 1883.

APPEAL from *Arkansas* Circuit Court.

HON. J. A. WILLIAMS, Judge.

*J. M. Pinnell,* for Appellant.

1. This court in *Howell v. Rye, 35 Ark., 478,* said: "Whether the deed was valid on its face, and competent to show title in plaintiff, was the question to be considered by the court in ruling upon exceptions taken to it." *34 Ark., 537; 36 Id., 461–3; 43 Id., 21; 46 Id., 102; Mansf. Dig., sec. 4257.* In the light of the foregoing authorities it is manifest that the court erred in overruling defendant's exceptions to plaintiff's paper title. A plaintiff in ejectment must recover upon the strength of his title, and not upon the weakness or imperfections of defendant's title, and the defendant may avail himself of any imperfections in the plaintiff's title. *Sedg., and W., Trial of Land Titles, p. 25, secs. 57, 94, 98, 249, 477, 717, 718; 29 Ark., 277; 22 Id., 397; 14 Id., 144; 4 Id., 101; 19 Id., 202; Dawson v. Parham, Mss.; Teederman on Real Prop., 693; 3 Wash., R. P., 114; 2 Whart. Ev., sec. 1331; 24 Ark., 141; 37 Id., 647; 45 Id., 312.*

2. Plaintiff must show a complete chain of title from the government, and each link in the chain *must be good. 38 Ark., 191; 8 Bush (Ky.), 126; Abbott's Tr. Ev., p. 705, sec. 16; Mansf. Dig., secs. 2627, 2635; 31 Ark., 336.*

Apel v. Kelsey.

3. The administrator's deed was defective in this: The lands were not described in the petition for their sale. *Gantt's Dig.*, sec. *168; Freeman Void Jud. Sales, secs. 9, 10, 11, pp. 34, 40, and secs. 18, 19; Rorer Jud. Sales, secs. 71, 73, 77, 84, 260, 261, 262; 19 Kans., 578, 581; 53 Penn., 511.*

The notice should have been published in a paper *printed* in Arkansas county. *Gantt's Dig.*, sec. *176; Rorer Jud. Sales, secs. 73-4, 84, 260, 265, 266, 277.*

The land should have been sold in Arkansas county. *Gantt's Dig.*, secs. *171, 2679.*

They were not advertised as prescribed by law, nor advertised at all. *Gantt's Dig.*, secs. *171, 2678.* They were appraised by householders of Pulaski county, when they should have been appraised by householders of Arkansas county. *Gantt's Dig.*, secs. *177, 178; 41 Mo., 298.*

The lands were sold at *private sale* for *cash*, when they should have been sold at *public auction* on a *credit. Gantt's Dig.*, secs. *172, 4708; 33 Ark., 89; 35 Id., 382; 27 Id., 294; 34 Id., 63; 37 Id., 43; 38 Id., 392; Rorer Jud. Sales, secs. 12, 91.*

The sale was not reported to and confirmed by the probate court. *Gantt's Dig.*, sec. *173; 43 Ark., 166; 38 Id., 80; 34 Id., 352-3; 32 Id., 106–8, 112, 113; 45 Id., Reid v. Hart; Rorer Jud. Sales, secs. 1, 2, 10, 15, 122, 124, 311, 357, 360, 371; Freeman Void Jud. Sales, secs 41–2–3; Abbott's Tr. Ev., p. 693, sec. 4.*

The recitals in this deed affirmatively show that the proceedings were *in violation of law*, and the rule is: "If the record shows what has been done towards acquiring jurisdiction, nothing else will be *presumed to have been done." Freeman Void Jud. Sales, secs. 8, 28; Freeman on Judg., sec. 125; Rorer on Jud. Sales, secs. 150, 151; 19 Kans., 578; 26 Wis., 370; 40 Ala., 598; 2 Ill. (1 Scam.), 325; 41 Mo., 290; Freeman on Ex., 284–5; 49 Miss., 418; 2 Wall. (U. S.), 342; 18 Ib., 350;*

*2 How. (U. S.), 60; 2 Ark., 65; 4 Id., 440; 3 Id., 535; 5 Id., 411; 12 Id., 640; 10 Id., 316; 16 Id., 649.*

The Wimmer deed was improperly admitted in evidence. It purported to be acknowledged *before* a *justice* of the peace in Ohio, who had no authority to take acknowledgments under our laws; and it was improperly recorded. *Mansf. Dig., sec. 651; Gantt's Dig., secs. 850, 5021, 855; 34 Ark., 62; 10 Id., 183; 14 Id., 148; 2 Id., 326; 25 Id., 372; 40 Id., 540; 37 Id., 543; 15 Id., 478; 44 Id., 520; 45 Id., 386.*

The curative acts of March 8 and 14, 1883, *did not* cure or validate the *previous illegal* recording of this deed. *44 Ark., 371.* See *15 Ark., 249, 250; 20 Id., 515; 43 Id., 160; Ib, 424–5.*

Plaintiff had notice of all these defects, because "whatever appears on the face of the title papers forms an integral part of the title itself." *2 Lead. Cas. in Eq., pp. 169, 142, 152–5–6 and 160; 1 Gr. Ev., sec 23; 2 Whart. Ev., 1039; 1 Oregon 222; 5 Ohio, 126; 21 Hun. (N. Y.), 153; 18 Barb., (N. Y.), 20; 26 Miss., 438; 1 Ga., 557; 22 Cal., 592; 4 Pet., 82; 6 Id., 611; 2 Wall., 342; 4 Jac. Fish. Dig., 4735.*

*P. C. Dooley* for Appellee.

Plaintiff shows a complete chain of title, and was entitled to recover. His deeds are executed and *recorded* as required by law and any defective acknowledgments are cured by *act of March 14, 1883. Acts 1883, p. 129.*

Defendant's deed was void on its face, for there was no forfeiture of lands for taxes for 1878.

The complaint alleges that the sale of the land was *approved* and *confirmed* by the probate court, and it is not *denied* in the answer. *32 Ark., 97; 35 Id., 355; 31 Id., 345.*

Reviews the law on the subject of sales by administrators to pay debts, (*Gantt's Dig., secs. 168, 170, 171, 172, 174–5, etc.,*)

and contends that there is not a word about private or public sale or confirmation or its necessity in our statute. The proceeding being *in rem*, and the court having jurisdiction, the purchaser has only to look to the order of sale, and this is not subject to collateral attack. *13 Ark., 507; 19 Id., 499; 12 Id., Moore, ex parte, 6 Eng., 519; 25 Ark., 52.* See also *Fleming v. Johnson, 26 Ark., and Montgomery v. Johnson, 31 Ark.; Adams v. Thomas, 44 Ark.* These orders are final judgments and cannot be collaterally attacked. Confirmation is only required in guardian's sales.

The order of sale must be made in the county where the personal representative qualified. *35 Ark., 383.*

As to the power of the legislature to pass the curative acts of 1883, and their effect, see *43 Ark., 420; 44 Id., 365.*

SMITH, J. Kelsey sued to recover a tract of two hundred and forty acres. The land had been patented by the general government to the State of Arkansas as swamp land, and had been by the state granted to George C. Watkins and David F. Shall. Watkins had afterwards released to his co-tenant, who died seized. And in 1875, Gordon N. Peay and W. B. Worthen, as administrators of Shall, had, pursuant to authority conferred on them by the probate court of Pulaski county, sold the land privately, for two-thirds of its appraised value, to Theodore B. Mills. It did not appear that this sale had ever been confirmed. Nevertheless the administrators undertook to convey. And the title so acquired subsequently came, through several intermediate conveyances, to the plaintiff.

Apel disclaimed title to, and possession of, eighty acres of the tract, but for the residue defended himself under a donation deed based on a forfeiture for taxes.

A jury was waived, and the court found that the plaintiff's chain of title was regular and unexceptionable, and declared

26——47

the tax deed void. Judgment was entered accordingly; but no writ of possession was to issue until the plaintiff should refund to the defendant $146.31 for taxes and improvements.

The points that will be noticed were properly saved by exceptions filed with the answer to the documentary evidence of the plaintiff's title; by objections to the introduction of them as evidence; by declarations of law that were moved for and denied; and by motion for a new trial.

**1. Plaintiff must succeed on his own title.**    We need not canvass the validity or regularity of the tax title, unless the plaintiff has shown such a *prima facie* title as to put the defendant upon proof that he has something in the land superior to a mere naked possession. For it is a canon of the common law that a plaintiff in ejectment must recover, if he does recover, upon the strength of his own title. It sometimes happens that neither of the parties to the action is proved to be the legal owner of the premises. In that case *potior est conditio possidentis et defendentis. Sedg. & Waits Trial of Land Titles, 2 ed., sec. 791; Gaither v. Lawson, 31 Ark., 279; Wheeler v. Ladd, 40 Id., 108; Hill v. Plunkett, 41 Id., 465.*

**2. PETITION TO SELL: Where to be filed.**    The attack upon plaintiff's title was mainly directed against the deed of the administrators. It is said the license to sell should have emanated from the probate court of Arkansas county, where the land lay. But the statute settles this. The application must be made to the probate court of that county in which the administration is pending. *Mansf. Dig., sec. 4998; Gordon v. Howell, 35 Ark., 381.*

**3. Notice of application to sell, etc.**    Another objection was that notice of the intended application was given through the Gazette, of Little Rock, instead of a newspaper printed in Arkansas county. But the non-publication of any notice at all would merely have been error, to be corrected on appeal, and would not have affected the jurisdiction of the court. *Rogers v. Wilson, 13 Ark., 507; Mont-*

*gomery v. Johnson, 31 Id., 74; Livingston v. Cochran, 33 Id., 297; Grignor's Lessee v. Aston, 2 Howard, 319; Comstock v. Crawford, 3 Wallace, 396; Mohr v. Maniere, 101 U. S., 417.*

The same thing may be said of the objections that the lands should have been viewed and appraised by three disinterested householders of Arkansas county, and that there was no attempt to advertise the sale, as the law requires. The confirmation of a sale, made under an order of court, cures all such irregularities. They do not avoid the sale, the proceeding being *in rem* and the court having jurisdiction. Upon a collateral attack, the only inquiry commonly is: Had the court jurisdiction? For, if it had, the purchaser is not bound to look behind the order of the court, or inquire into its mistakes. *Borden v. State, 11 Ark., 519; Marr, ex parte, 12 Id., 84; Barrett v. Owen, 13 Id., 177; Sturdy v. Jacoway, 19 Id., 499; Thorn v. Ingram, 25 Id., 52; Fleming v. Johnson, 26 Id., 421; Adams v. Thomas, 44 Id., 267.*

The effect of a private sale on the validity of the title we desire to reserve from the category of defects cured by confirmation, for future consideration. It may be that this is such a patent error on the face of the proceedings, as to affect the purchaser, and all claiming under him with notice.

But, so far as appeared, the sale had never been confirmed.

Now, a judicial sale passes no title until it is confirmed; **4. Sales must be confirmed.** and confirmation will not be presumed, but must be shown. The court is the vendor, and what takes place before final approval is in the nature of a bid, which may be accepted or rejected. An administrator's sale to raise a fund to pay debts is a judicial sale, according to all the tests that can be applied. It is ordered by the court; the specific property to be sold is designated in the order; the administrator, who conducts the sale, is appointed by, and subject to the control of, the court, and the court must approve it before it can be treated as final.

*Freeman on Void Jud. Sales, secs. 1, 41; Penn v. Tolleson, 20 Ark., 652; Sessions v. Peay, 23 Id., 39; Gwynn v. McCauley, 32 Id., 97; Wells v. Rice, 34 Id., 346; Bell v. Green, 38 Id., 78; Walker v. Jessup, 43 Id., 163; Reid v. Hart, 45 Ark., 41.*

**5. EVIDENCE: Copy of recorded deed.**

One of the links in the plaintiff's chain of title was a conveyance from Anthony Wimmer and M. W. Wimmer and wife to Oliver P. Siddell. A copy of this, certified from the registry of deeds, was exhibited. The defendant excepted to its introduction as evidence without proof of its execution. The statute makes such a copy admissible after the deed has been recorded.

**6. ACKNOWLEDGMENT:— Curing act.**

But this deed, executed in 1879, had been acknowledged before a justice of the peace in the state of Ohio; and he was not an officer authorized by our law to take and certify the acknowledgment of instruments affecting the title to real estate in Arkansas. And so the deed had been improperly admitted to record. But the defect was cured by the healing act of March 8, 1883. *Mansf. Dig., sec. 683*. The language of that act is: "All deeds, etc., recorded prior to January 1, 1883, purporting to have been acknowledged before any officer, and which have not heretofore been invalidated by any judicial proceeding, shall be held valid to pass the estate which such conveyance purports to transfer, although such acknowledgment may have been on any account defective; provided, that the record of all such instruments shall be as valid as if they had been acknowledged and recorded according to law." In *Green v. Abraham, 43 Ark., 420,* we held that the record of a deed of trust, acknowledged before the trustee himself, was made effective by this statute.

The judgment is reversed and cause remanded for further proceedings, with directions to sustain the exception to the deed of Peay and Worthen, as administrators, to Mills, unless the plaintiff will undertake to show by record evidence that the sale therein recited was duly confirmed.