## GLASSCOCK *v.* GLASSCOCK.

### Opinion delivered March 6, 1911.

1. PARTITION—AUTHORITY TO SELL.—A chancery court is authorized to order a sale of lands in a partition suit if it appears from a report of the commissioners or from other evidence heard by the court that the lands were not susceptible of division among the owners without great prejudice to their interests. (Page 154.)

2. SAME—ORDER OF SALE—VALIDITY.—Though the chancery court erred in its reasons for ordering a sale of the lands in a partition suit, the sale would not thereby be avoided, as this would only be an error in the proceeding to be taken advantage of in a direct attack. (Page 155.)

3. APPEAL AND ERROR—WHAT SHOULD APPEAR OF RECORD.—It is the duty of one seeking to vacate a decree to bring it before the court so that it can be seen whether or not the decree is valid. (Page 155.)

4. JUDICIAL SALE—IRREGULARITIES—EFFECT OF CONFIRMATION.—Confirmation of a judicial sale of lands cures such irregularities as a failure to advertise the lands or a sale of the lands *en masse.* (Page 155.)

5. INFANCY—RELIEF AGAINST JUDGMENT.—The statutes authorizing a minor to show cause against a judgment or decree after coming of age (Kirby's Digest, § § 4431, 6248) afford no relief to an infant plaintiff. (Page 155.)

6. SAME—SALE OF LAND TO STRANGER—VALIDITY.—A purchase of land by a stranger at a sale under an erroneous but not void decree will be protected, even though the decree be afterwards set aside, and though the defendant was an infant when the decree was rendered. (Page 155.)

Appeal from Greene Chancery Court; *Edward D. Robertson,* Chancellor; affirmed.

*Johnson & Burr,* for appellants.

1.  If the errors in the decrees ordering the sale of the lands and confirming the same were such as would cause a reversal thereof on appeal, it was the duty of the chancellor to vacate them in this suit. 25 Fla. 927; 14 Ill. 206; 3 Enc. Pl. & Pr. 571, note 1. The report of the commissioners in partition does not

show facts sufficient to authorize the court to order the lands sold. 90 Ark. 500. Having no jurisdiction, independently of the statute, to order a sale of lands under partition proceedings, the chancery court in ordering a sale in such case is bound by the provisions of the statute. See Kirby's Dig., § 5785; 76 Ark. 146, 150; 77 Ark. 320.

Unless the commissioners' report shows that the lands "are so situated" that partition cannot be made without great prejudice to the owners, and the court is satisfied that such report is correct, it is not authorized to order a sale. The sole duty of the commissioners was to report upon the physical condition of the lands, upon which alone the court could legally base an order of sale. 49 Ark. 104, 109.

The report must affirmatively show jurisdiction to make the order of sale; otherwise such order is void. 76 Ark. 146, 151.

2. The sale of the lands is void for want of notice, and also because of gross inadequacy of price for which the same were sold; and the decree confirming such sale is void. 3 Md. Ch. 514; 3 Mo. App. 33; 96 N. W. 230; 73 Ark. 37; 59 Ark. 460; 26 Ark. 227; 67 Ark. 80; 86 Ark. 443; Kirby's Dig., §§ 5786, 5787.

3. The complaint states a cause of action in favor of the Hays heirs, they having been defendants in the original suit, and this being an application on their part to vacate the same within one year after arriving at full age. Kirby's Dig., §§ 4431 sub. 8, and 6248; 81 Ark. 441; 79 Ark. 194; 70 Ark. 418.

4. The complaint is a direct attack both upon the decrees and the sale. 119 S. W. (Mo.) 369.

That part of the lands have passed to persons other than the purchaser at the sale is no defense to the complaint. They are chargeable with notice of defects appearing on the face of the record. 50 Ark. 322; 70 Ark. 415; 81 Ark. 441.

*Block & Kirsch* and *Huddleston & Taylor,* for appellees.

1. The decree in the partition suit is as binding and conclusive upon appellants as upon persons *sui juris.* 55 Ark. 29; 110 U. S. 317.

2. All the alleged errors set out in the complaint appear in the record, and proceedings to reverse or modify the decree should have been by appeal. Kirby's Dig., §§ 4427, 4428.

3. The power of the chancery court to entertain a bill of review is limited to cases other than those "for errors appearing in the record.". Kirby's Dig., § 4428.

If the complaint is in the nature of a bill of review, it is not sufficient because it does not set out the proceedings now being attacked.

4. The complaint shows on its face that this proceeding is a collateral attack upon the original decree. A bill in equity to set aside a judgment becomes a collateral attack when it seeks to affect a *bona fide* purchaser under, the judgment or a stranger to the record. Van Fleet on Collateral Attack, 4, note 2; *Id.* 5; 49 Ark. 417; 54 Mo. 577; 73 Ill. 422; Freeman on Judgments, § 513; 1 Black on Judgments, § 194; 100 Mo. 30; 31 Cal. 272; 40 Ark. 42.

McCULLOCH, C. J. The chancellor sustained a demurrer to the complaint in this case, and the plaintiffs appealed from the final decree dismissing the complaint. It is alleged in the complaint that plaintiffs, some of whom are minors, and the defendant A. H. Glasscock, and certain other heirs at law of H. W. Glasscock, deceased, were the owners as tenants in common of a large body of unimproved lands in Greene County, Arkansas (containing about 22,000 acres) ; and this proceeding was instituted to set aside the sale of said lands under a former decree of the chancery court of Greene County directing the sale thereof for a division of the proceeds. The record of the former proceedings has not been brought into the record of the present case ; but according to the allegations of this complaint the court in said former proceedings first appointed commissioners to partition the lands, but, after the commissioners made report in writing stating that the lands could not be so partitioned without great prejudice to the owners, the court then ordered a sale by a commissioner. The report of the commissioners appointed to make the partition is set forth in the complaint, and it is contended that the reasons given by them why partition in kind could not be made were insufficient to justify the court in ordering the sale of. the land. The report of the commissioners, as set forth in the complaint, is in part as follows:

"They find the most valuable tracts, and those upon which there are any improvements, are in most instances in the posses-

sion of parties claiming title adversely to the Glasscock estate, and from appearances, and from our information, they have had possession in many instances for sufficient length of time under the statute of limitations to ripen their claims, or at least to endanger the title of the Glasscock estate.

"That, while they have not made a personal inspection of the land lying east of Paragould, they are informed and believe that the same conditions prevail as to this land, and that perhaps even a larger per cent. of improved lands are in possession of parties claiming adversely to the Glasscock estate. That the unimproved lands are scattered over a wide territory, and to a great extent lying in small bodies, are swampy, low and wet, and in many instances are covered with water, and that sloughs and ponds are scattered promiscuously over all the lands lying in the bottom, from such land the valuable timber had been cut and removed. As to some of the tracts of land, we were simply informed, and believe, that there are other claimants to the title, claiming adversely to the Glasscock estate.

"Wherefore your commissioners beg to report that partition of the lands above described can not be made without great prejudice to the owners, and great uncertainty as to the title to the lands which would be assigned to each heir. They state that they and Mr. Newsom were occupied four days each in the discharge of their duties herein."

It is also alleged in the attack on the validity of the sale that the lands were sold *en masse* for a gross sum, and not in separate tracts or subdivisions; that the price was inadequate; and that some of the lands were not embraced in the advertisement of sale. The lands were bid off at the sale by defendant A. H. Glasscock, but he assigned the certificate of purchase to the Sachs Realty Company, a corporation, to which the sale was confirmed and the deed executed, pursuant to the orders of court. Said corporation was made a party defendant to this action as well as certain other parties claiming an interest in the land

Counsel for plaintiff present the case here as a bill to review the former decree of the chancery court for errors alleged to be apparent upon the record thereof.

The court had jurisdiction to order a sale of the lands for partition, and it was proper to do so when it appeared from the

report of the commissioners, or from other evidence heard by the court, that the lands were not susceptible of division among the owners without great prejudice to their interests. *Moore* v. *Willey,* 77 Ark. 317. Even if it be conceded that the reasons stated by the commissioners were insufficient to justify a sale of the lands, that would not avoid the sale, the court having jurisdiction to order it. It would be only an error in the proceeding, to be taken advantage of in a direct attack. *Delatour* v. *Woodall,* 43 Ark. 521; In re *Simmons,* 55 Ark. 485. Besides, there is nothing to show, according to the allegations of the complaint, that the court based the decision ordering a sale entirely on the report of the commissioners. For aught that appears in this record, the court may have heard other evidence. It is the duty of one seeking to vacate a decree to bring it before the court so that it can be seen whether or not the decree was valid. *Killion* v. *Killion, ante* p. 15.

There is, therefore, nothing in the allegations of the complaint to show that there was error of the court apparent upon the record of the former decree. The alleged defects in the sale as to the advertisement and the sale *en masse* were mere irregularities which did not avoid the sale and were cured by the confirmation. *Bell* v. *Green,* 38 Ark. 78; *Apel* v. *Kelsey,* 47 Ark. 413.

Are plaintiffs entitled to any relief under the statute (Kirby's Digest, § § 4431 and 6248), giving an infant the right, within twelve months after coming of age, to show cause against a judgment or decree? All of the plaintiffs were minors when the former decree was rendered. Some of them were plaintiffs in that action, and, being moving parties in the proceedings, the statute affords them no relief, even if the case was one which fell within the terms of the statute. *Woodall* v. *Moore,* 55 Ark. 22.

A purchase of land by a stranger at a sale under a decree which is erroneous but not void will be upheld, even though the decree be afterwards set aside. This is true whether the defendant be an adult or an infant when the judgment was rendered. *Moore* v. *Woodall,* 40 Ark. 42; *Woodall* v. *Delatour, supra;* In re *Simmons, supra; Boyd* v. *Roane,* 49 Ark. 397. It is otherwise, of course, where the decree is void. *Rankin* v. *Schofield,* 81 Ark. 440.

It follows that the complaint stated no cause of action, and the demurrer was properly sustained.

Affirmed.