### DUDLEY v. DUDLEY.

### Opinion delivered November 20, 1916.

1. INFANTS—SUIT AGAINST.—It is error to render a judgment against an infant defendant without the appointment of a guardian and defense made, and the appointment must be made before the proof is taken in the case so that the guardian may have an opportunity of attending when the proof is taken.

2. GUARDIANS—PRESUMPTION AS TO TIME OF APPOINTMENT.—The mere silence of the record as to the time of the appointment of a guardian does not affirmatively show an error of the court in its proceedings.

3. DEEDS—DELIVERY TO PERSON FOR "SAFE-KEEPING."—A deed delivered to a third person for "safe-keeping," the third person having no knowledge of the nature of the instrument, will not be construed as a delivery to the grantee.

Appeal from Jackson Chancery Court; *G. T. Humphries*, Chancellor; affirmed.

*Hillhouse & Boyce*, for appellants.

1. No defense for the minor defendants was made as required by law. The record does not show that a guardian *ad litem* was appointed before the proof was taken. Kirby's Digest, § 6058; Act 290, Acts 1915; Kirby's Digest, §§ 6023-4; 22 Cyc. 636; 107 Ark. 1; 42 *Id.* 227; 97 *Id.* 589-613; 69 *Id.* 350; 43 *Id.* 521.

2. The complaint does state a cause of action. The deed was delivered and accepted. 90 N. E. 1108; 243 Ill. 626; 121 Ark. 328; 181 S. W. 139; 8 R. C. L. 1009-10-11-12; 84 N. E. 194; 127 S. W. 86. The acceptance by an infant grantee is presumed. 3 Ohio St. 377-388. Any disposal of a deed, accompanied by acts, words or circumstances which clearly indicate the grantor intends that it shall take effect as a conveyance is a sufficient delivery. 77 Ark. 89; 100 Ark. 427.

3. A court of equity will decree specific performance where a decided preponderance of the testimony shows a contract and its precise terms. 103 Ark. 550; 78 *Id.* 158; 44 *Id.* 334. The evidence does not support the decree.

*M. M. Stuckey*, for appellees.

1. Defense was made for the minors as prescribed by law. The record shows due service, warning order and appointment of guardian *ad litem*. While the record is silent as to the time of appointment of the guardian, yet it recites he was *duly appointed* and answered for them. The presumptions are all in favor the decree.

2. The complaint states a cause of action. The deed to the Dudley children was never delivered nor accepted, and was recorded without direction of the grantor.

3.   The evidence is legally sufficient to support the decree.   100 Ark. 427; 120 *Id.* 43.   The deed was always under the control of Geo. W. Bandy and it is plain that he did not intend, after the execution of the quitclaim, that it should ever have effect as a deed. 93 Ark. 324; 98 *Id.* 466; 110 *Id.* 431.

McCULLOCH, C. J.   The appellees, George C. Dudley, Guildford M. Dudley, Houston Dudley and Lula Moon, who were the plaintiffs below, claim title in fee simple to certain lands in Jackson county, Arkansas, and instituted this action in the chancery court of that county to cancel a deed which is alleged to constitute a cloud on their title.   They claim title to part of the land by inheritance from their grandfather, George W. Bandy, and to the other part under devise from their grandmother, D. S. M. Bandy, and by a partition between them and the other heirs and devisees of the lands.

George W. Bandy and D. S. M. Bandy were husband and wife, and the latter died in the year 1906, seized and possessed in fee simple of certain tracts of land which included a portion of the lands in controversy.   The remainder of the lands in controversy were owned by George W. Bandy, who died intestate in the year 1914.   Appellees are grandchildren of George W. Bandy and D. S. M. Bandy.   Mrs. Bandy left a will whereby she devised her lands to her husband for life and provided that at his death the estate should be divided between her children and grandchildren. George W. Bandy seems to have had the idea that he possessed the power of disposing of all the lands, and on May 8, 1912, he executed a deed purporting to convey the lands in controversy to appellees, "and to the heirs of the respective body of each, provided, either of them leave no heirs of the body surviving, then the interest of such grantee in the lands herein conveyed shall revert to my heirs surviving me." This deed was not delivered or placed of record during the lifetime of George W. Bandy, but after his death

it was recorded by one of his children who did so pursuant to instructions which her father had given her.

On March 14, 1913, all of the children and grandchildren of George W. Bandy and D. S. M. Bandy, upon the suggestion of the former, executed to him a quitclaim deed conveying their interests in all of the lands, those owned by D. S. M. Bandy as well as those owned by George W. Bandy, for the purpose of placing the title in George W. Bandy so that he could divide all the land between those parties and reconvey to them their several shares. George W. Bandy died intestate without having reconveyed the lands to any of his children or grandchildren, but subsequently they got together and by mutual agreement divided the lands. Appellees attempted to sell their land, and, for the first time they claim, made discovery on the record of the deed which their grandfather, George W. Bandy, had executed and which had been placed of record after his death. Their contention is that they did not accept the deed, knew nothing of its existence, and that the apparent restriction upon the estate conveyed by the deed constitutes a cloud upon their title and they ask that the same be removed by cancellation of the deed.

Appellants are the children of appellees, and are made parties on the theory that if the deed created an estate tail it would, under the statutes of this State, vest a life estate with remainder over "in fee simple absolute to the person to whom the estate tail would first pass according to the course of the common law." (Kirby's Digest, Sec. 735) which would be the heirs of the body of the first taker. Appellants are infants residing with their parents, and some of them are non-residents who were brought in by publication of warning orders. A guardian *ad litem* was appointed for the infants, who appeared and filed an answer raising an issue upon every material allegation of the complaint. The cause was heard upon the pleadings and upon the depositions of witnesses, and the court entered

a decree in favor of appellees cancelling said deed as a cloud upon their title.

(1) It is contended in the first, place that the decree was erroneous for the reason that the record fails to show that the guardian was appointed before the proof was taken in the case. It is true that the record fails to show when the guardian was appointed, but there is a recital in the decree to the effect that the guardian had been duly appointed and had appeared and filed an answer, which is brought up in the record. It is error to render a judgment against an infant defendant without the appointment of a guardian and defense made (*Woodall* v. *Delatour*, 43 Ark. 521), and the appointment must be made before the proof is taken in the case so that the guardian may have an opportunity of attending when the proof is taken. *Blanton* v. *Davis*, 107 Ark. 1.

(2) It is urged on behalf of appellants that this case is ruled by the one last cited, and that the decree should be reversed for the reason that the record does not affirmatively show the date of the appointment of the guardian. All that was decided in that case was that the guardian must be appointed before the proof is taken, and in the state of the record before us in the present case we think the presumption should be indulged that the guardian was appointed in apt time. The statute provides that the appointment may be made by the court, or judge thereof, or by the clerk in vacation, and that the name of the guardian and the date of the appointment shall be indorsed on the complaint by the clerk. Kirby's Digest, Sec. 6024. With the recital in the decree, however, to the effect that the guardian had been duly appointed, and that the cause was heard upon the depositions taken, it is fair to assume that the court found that the guardian had been appointed in apt time, notwithstanding the fact that the indorsement is not found upon the complaint as it appears in the record before us. In other words, the mere silence of the record as to the time of the appointment of the guardian does not affirmatively

show an error of the court in its proceedings. Our conclusion on that branch of the case is, therefore, that no error is shown which would call for reversal.

(3) It is next contended that the evidence shows a complete delivery of the deed by George W. Bandy to a third person to hold until after his death, and then to place of record for the benefit of appellees, and that the acceptance of appellees will be presumed. The fallacy of the contention is in attempting to apply the presumption of acceptance. Counsel for appellants rely upon the decisions of this court holding that where a deed is executed and delivered to a third person to hold as a depositary for the benefit of the grantee, the acceptance of the deed by the grantee is presumed because of the fact that the latter is the beneficiary in the transaction. *Russell* v. *May*, 77 Ark. 89; *Rhea* v. *Bagley*, 63 Ark. 374; *Staggers* v. *White*, 121 Ark. 328.

In those cases the deeds were delivered to a third person to hold for the benefit of the grantees, and the circumstances warranted the inference that a delivery was intended and the acceptance was presumed, the deeds being entirely for the benefit of the grantees. In the present case, the facts are that Mr. Graham, the person to whom the grantor delivered the deed, together with other papers, never knew what the contents of the papers were but took them and kept them merely as custodian for the grantor himself. No direction was ever given by the grantor to Mr. Graham to hold the deed for any particular person, or to make any disposition of them. On the contrary, the testimony shows affirmatively that he delivered the deed to Mr. Graham "for safe keeping." He told his daughter later that he wanted her to get the papers from the safe of Graham Brothers, after his death, and record them, which she did, but she did not know the contents of the papers. In this state of the proof the chancellor was warranted in finding that no delivery was intended, that the grantor kept the deed under his own control and dominion, that the custodian did not receive the

deed as agent or trustee of appellees and no acceptance can be presumed.

Appellees have a clear and unrestricted title to the property in controversy under the partition deeds from the other heirs of George W. Bandy and D. S. M. Bandy, and this deed constitutes a cloud on their title in that it appears to convey a life estate only to them. They were entitled, therefore, to have that cloud removed, and the chancery court was correct in granting the relief prayed for.

Affirmed.

HART, JJ. and HUMPHREYS, not participating.