ALEXANDER *v.* STACK.

Opinion delivered January 10, 1927.

1. MORTGAGES—FORECLOSURE SALE—CONFIRMATION.—After confirmation of a foreclosure sale of mortgaged property, neither inadequacy of price nor anything but fraud, accident, mistake, or some other cause for which equity would avoid a like sale between private parties, will warrant a court in avoiding the confirmation of the sale, or in opening the latter and receiving subsequent bids.

2. MORTGAGES—FORECLOSURE SALE—CONFIRMATION.—Objection that a foreclosure sale of mortgaged property was not advertised for the length of time required by the decree of sale came too late when not made until after the sale had been confirmed.

3. MORTGAGES—CONFIRMATION OF FORECLOSURE SALE—PARTIES.—Heirs of a deceased mortgagor suing to cancel a deed based on a sale under a power in the mortgage were affected with notice of proceedings ordering a resale of the property on default in payment of a balance of the debt, and are precluded from objecting, after confirmation of such sale, that the land was not advertised for the time required by the decree.

Appeal from Monroe Chancery Court; *A. L. Hutchins,* Chancellor; affirmed.

*J. A. Tellier,* for appellant.

*Bogle & Sharp,* for appellee.

SMITH, J. Appellants filed a complaint in which they alleged that in 1909 their ancestor, who then owned two lots in Smith's Addition to the city of Brinkley, mort-

gaged the lots to J. H. Stack, and that this mortgage was foreclosed under the power of sale incorporated therein. At this sale one Loeb became the purchaser, and he later conveyed the lots to Stack. Appellants brought suit to cancel these deeds, and in October, 1923, a decree was rendered which granted that relief. This decree recited that, while the foreclosure under the power of sale was void, a balance of $135 and interest was due Stack. Appellants were given eight months from the date of the decree to pay this sum, in default of which it was ordered that the clerk of the court, as commissioner, sell the lots, on a credit of three months, after first advertising the same in a newspaper for twenty days before the day of sale.

Appellants alleged that, through their absence from the State, they failed to pay the balance due on the mortgage, which was decreed to be a lien against the lots, but that a redemption was attempted on the day of the sale. They had been advised by their attorney that the amount necessary to redeem was $150, and one of the appellants appeared at the time and place of the commissioner's sale, and tendered that amount in redemption of the lots, but was informed by the commissioner that the judgment, with the interest and costs, amounted to $178.30. Not having this amount of money, and being unable to tender it, the commissioner proceeded with the sale, and Stack became the purchaser for that sum. Appellants alleged that the sale was not advertised for the twenty days as required by the decree, and that the lots sold for a grossly inadequate price, the lots being reasonably worth $600.

Appellants further alleged that, after the sale, they applied to Stack to redeem the lots from the commissioner's sale, and he agreed that they might do so by paying the debt and interest and all costs that had then accrued. They further alleged that they applied more than once to Stack for a statement of the amount required to redeem but were never furnished that information, and, when

they last applied to him for this information, they were advised that the sale had been confirmed by the court, and that the commissioner's deed to Stack had also been confirmed, and that Stack had sold the lots to another party. Appellants further alleged that the confirmation of the sale and the commissioner's deed had occurred before the expiration of the three months' credit allowed the purchaser, and that they had been misled by this premature confirmation of the sale and the conduct of Stack in neglecting and refusing to permit appellants to pay him as agreed the amount for which the lots sold and the costs of suit.

Wherefore appellants prayed that the sale and the confirmation thereof be set aside and that Stack be required to accept the tender contained in the complaint, of the money which Stack had agreed to accept.

Appellee Stack filed a demurrer and an answer. The demurrer was sustained, and the cause was dismissed as being without equity, and this appeal is from that decree.

It appears from the foregoing statement of facts that this litigation arose out of a proceeding to foreclose a mortgage executed in 1909; that the court set aside deeds based on a sale made under the power of sale incorporated in the mortgage, and, after doing so, gave appellants eight months within which to discharge the balance found due on the mortgage. This decree was rendered on the 23d of October, 1923, and the commissioner's sale did not occur until the 12th day of September thereafter. The complaint, to which the demurrer was sustained, does allege that Stack agreed to accept the debt due him and the costs which he would be required to pay as purchaser, but there is no allegation that he agreed not to ask the confirmation of the sale to him.

Had appellants excepted to the confirmation of the commissioner's report of sale, and there made the showing that the lots had been sold for a grossly inadequate price, without being advertised for the full time required by the decree, the court, no doubt, would have refused

to confirm it, but no action was taken to prevent the confirmation. No exceptions were filed to the confirmation of the commissioner's report, and appellants must be held to have known that the report would be confirmed in due course in the absence of some objection to that action. As we have said, there is no allegation that Stack agreed that he would not ask a confirmation of the sale, or that he would wait for any definite time for appellants to tender the sum which they alleged he agreed to accept. This sum could have been ascertained from the clerk as commissioner; in fact, Stack himself would have had to obtain the information from that official. No tender was ever made, at least none was alleged, prior to that made in the complaint, and we think the court below did not err in refusing to set aside the confirmation regularly made.

In the case of *Morrison* v. *Burnette,* 154 Fed. 617, Judge Sanborn said: ''Hence the rule is settled, and it seems to be universally approved, that, after confirmation of a judicial sale, neither inadequacy of price nor offers of better prices, nor anything but fraud, accident, mistake, or some other cause for which equity would avoid a like sale between private parties, will warrant a court in avoiding the confirmation of the sale or in opening the latter and receiving subsequent bids.''

The sale here attacked was duly confirmed, and the facts alleged do not show fraud or any accident or mistake for which Stack was responsible. Appellants evidently relied upon a continued indulgence which Stack had not agreed to give. No deception was practiced by him; he merely failed, under the allegations of the complaint, to continue to extend an indulgence to appellants. They should either have made, in apt time, the tender which they alleged Stack agreed to accept, or they should have filed exceptions to the confirmation of the commissioner's report of sale.

As to the allegation that the lots were not advertised for the length of time required by the decree of sale, it suffices to say that this objection comes too late when not

made until after the sale has been confirmed. *Farnsworth v. Hoover,* 66 Ark. 367, 50 S. W. 865; *Waldo v. Thweatt,* 64 Ark. 126, 40 S. W. 782; *Carpenter v. Zarbuck,* 74 Ark. 474, 86 S. W. 299; *Glasscock v. Glasscock,* 98 Ark. 151, 135 S. W. 835; *Day v. Johnston,* 158 Ark. 478, 250 S. W. 532; *Little Red River Levee Dist. No. 2 v. Thomas,* 154 Ark. 328, 242 S. W. 552; *Brasch v. Mumey,* 99 Ark. 324, 138 S. W. 458, Ann. Cas. 1913B, 38; *Bank of Pine Bluff v. Levi,* 90 Ark. 166, 118 S. W. 250; *Apel v. Kelsey,* 47 Ark. 413, 2 S. W. 102.

Appellants were parties to this litigation—indeed, they were the moving parties, and were asking affirmative relief. They were therefore affected with notice of the proceedings subsequent to the rendition of the decree.

There appears to have been an entire lack of diligence on the part of appellants, and we think sufficient facts were not alleged to show that any fraud had been practiced upon them, or that they had been deprived of any legal right through any accident or mistake for which Stack was responsible, and the decree sustaining the demurrer will therefore be affirmed.