Herbert, J.
The error assigned herein is that the Court of Appeals erred in reversing the finding and judgment of the Common Pleas Court.
The reasons given by the Court of Appeals in the opinion of the court are stated as follows:
“The instant case varies from the cases cited in that a guardian ad litem was appointed before judgment. However, the appointment was made after both plaintiffs and defendant had rested their respective cases. The guardian ad litem had no opportunity whatsoever to do anything in defense of the infant defendant. It matters not that the infant defendant was in fact represented by counsel. The guardian ad litem had no opportunity even to consult with such counsel. Section 2307.16 of the Revised Code prescribes that the defense of the infant defendant ‘must be by a guardian for the suit.’ There was in fact no defense by a guardian for the suit.
“It is therefore our opinion that in this suit against a minor defendant the submission of same to the jury when a guardian ad litem for said minor defendant had not been appointed until after the plaintiffs-appellees and the defendant-appellant had rested their respective cases constituted prejudicial and reversible error; that the judgment under such cir *442 eumstances was voidable at the option of the said defendant acting by and through his guardian ad litem; and that the said guardian ad litem, by the various motions which he filed after judgment and/or by this appeal therefrom, has elected to and has taken the action necessary to make the said judgment void as to said minor defendant. ’ ’
Before discussing the basis set forth by the Court of Appeals for its reversal of the judgment of the Court of Common Pleas, it should be noted that plaintiffs served the defendant as a minor according to the provisions of Section 2703.13, Revised Code, and that the Court of Appeals found this service sufficient to confer jurisdiction in the Court of Common Pleas, so that the question of sufficiency of service is no longer in issue.
In passing, it may be noted that, although Section 2309.47, Revised Code, specifically exempts a guardian defending for an infant from the requirement to verify his answer, the answer filed on behalf of the defendant on February 11, 1955, was prepared by Attorney Myers and defendant’s verification therein was acknowledged by him, whereas the case in court was defended by Spurlock, the other member of the law firm, of Myers & Spurlock. These facts are set forth in a stipulation filed, in lieu of taking evidence, on June 25, 1956, in respect to the motions of the guardian ad litem for new trial and for judgment notwithstanding the verdict. The first questions asked of the defendant by his counsel at the time of trial disclosed defendant’s minority.
The main question presented in this appeal, therefore, is whether the appointment of the guardian ad litem was seasonably made.
In 43 Corpus Juris Secundum, 290, Section 110, the applicable rule is stated as follows:
“Process having been served on an infant defendant, it has been held that, even in the absence of a statute controlling the matter, the first proceeding after the return of process served on an infant defendant is properly the appointment of a guardian ad litem, or at least that such guardian should be appointed before any steps are taken as to which the infant is entitled to be heard. In the absence of a mandatory statute *443 to the contrary, it is generally held that the failure to appoint a guardian ad litem for an infant defendant before any steps in the proceedings are taken is a mere irregularity which may be cured, and will not constitute error, if no binding decree is entered until the infant is properly represented. Thus it has been held that a guardian ad litem may be appointed during trial, after introduction of the evidence but before the decision of the case.”
In 1908 the Supreme Court of Kansas held, in the case of Earl v. Cotton, 78 Kan., 405, 96 P., 348, that appointing a guardian ad litem and permitting him to file an answer after introduction of the evidence but before decision of the case is not an abuse of discretion. In the per curiam opinion in that case, it is stated:
“There was no abuse of discretion in appointing a guardian ad litem and permitting him to file an answer after the evidence was introduced and before the'case was finally decided.”
See, also, Kelley v. Kelley (1885), 83 Tenn., 194; Burton, Gdn., v. Waples (1867), 8 Del., 458; Patterson v. Melchior (1909), 106 Minn., 437, 119 N. W., 402.
Three Iowa cases are also in point.
In the case of Wickersham v. Timmons, 49 Iowa, 267, it was held that the failure to appoint a guardian ad litem in an action against a minor until af-ter the trial has commenced will not vitiate the verdict where no prejudice is shown to have resulted from such failure.
In Webster v. Page (1880), 54 Iowa, 461, 6 N. W., 716, the Supreme Court of Iowa upheld the appointment of a guardian ad litem after answer and during trial.
In Brien, Admr., v. Davidson (1938), 225 Iowa, 595, 281 N. W., 150, the Supreme Court of Iowa again approved the appointment of a guardian ad litem for a minor defendant after the case had proceeded for a considerable time but immediately upon discovery.
In the cases of Blanton v. Davis (1913), 107 Ark., 1, 154 S. W., 947, and Dudley v. Dudley (1916), 126 Ark., 182, 189 S. W., 838, the Supreme Court of Arkansas held that failure to appoint a guardian ad litem before proof or depositions are taken is not reversible error unless prejudice results therefrom.
*444 Reliance is placed by defendant on the case of Long v. Mulford, 17 Ohio St., 484, 93 Am. Dec., 638, wherein it is stated in the opinion that “the appointment of a guardian ad litem is not a mere matter of form,” and that “a suit against an infant cannot be prosecuted without such guardian; and the object of the requirement is to secure to the infant a proper defense.”
This rule is well established; but equally established is the rule that the appointment of a guardian ad litem is a matter of procedure and not of jurisdiction. See 28 Ohio Jurisprudence (2d), 596, Section 50.
Canterbury v. Pennsylvania Rd. Co., 158 Ohio St., 68, 107 N. E. (2d), 115, was an action to recover for her injuries instituted by a minor in her own name. There, as set forth in the statement of the case, a jury was impaneled and sworn, some witnesses were called in her behalf and she, herself, took the stand on direct examination, whereupon it was disclosed that she was 20 years of age. A motion was made by defendant to dismiss her case for want of capacity as a minor to maintain the action in her name.
Thereupon, counsel for plaintiff orally moved for leave to amend her petition by interlineation by inserting the name of James Canterbury as husband and next friend and for leave to allow the next friend to verify the petition, to refile it, and for the case to proceed as though it had been originally commenced by the next friend. The trial court overruled the motion of Nettie Jane Canterbury and sustained that of the defendant. Upon appeal, the Court of Appeals reversed the judgment of the trial court. The judgment of the Court of Appeals was affirmed by this court.
The first paragraph of the syllabus in that case is as follows:
“Where a minor institutes an action in his own name, no attack is made upon his capacity to sue before the filing of an answer to the merits of the claim, and in the midst of the trial the minority of the minor is discovered, it is error for the court to refuse to permit the minor to amend his petition by interlineation by inserting the name of a next friend and to allow the next friend to verify and refile the petition as amended.”
In the opinion of Stewart, J., the following appears:
*445 ‘ ‘ The bringing of an action by a minor in his own name constitutes simply a failure to follow procedural statutes.”
Although the Canterbury case related to an infant plaintiff, infant parties, whether plaintiff or defendant, are subject to the same requirement that they must be represented by a next friend or a guardian ad litem in any action brought by or against them. The rule stated by this court in the Canterbury case is in accord with the rule adopted by most courts in this country. See 27 American Jurisprudence, 838, Section 117.
As to infant defendants, irregularity in the appointments of guardians ad litem does not usually result in reversals where appointments are made prior to entering of judgments and where prejudice to the rights of the infants does not affirmatively appear. As examples, note the cases of Wickersham v. Timmons, supra; Brien v. Davidson, supra; and Burton v. Waples, supra. In the Wickersham case, the court stated, “we can conceive of no advantage in this case which could have accrued to the defendant if the guardian ad litem had been appointed before instead of after the commencement of the trial. ’ ’ In the Brien case, the court stated, “there is no showing of prejudice at any time, and no effort was made to point out wherein the interest of the minor was damaged by the appointment being made at the time it was.” And in the Burton case, the court stated, “there had been no suggestion or intimation made on her behalf * * * that any actual harm had been done her in the premises, by reason of the omission to appoint the guardian ad litem on the return of the summons.”
The claim is made in this case that the guardian ad litem was appointed so late in the case that he had no opportunity to defend on behalf of the minor. It is to be noted that, after the guardian ad litem filed his answer instanter, he asked for no continuance, and it should also. be noted that the jury was retired from the courtroom after both sides had rested and while arguments were had on the motions, which resulted in the appointment of the guardian ad litem.
The record does show that on May 23, the day after the verdict was returned, the guardian ad litem filed a motion for nonsuit and for judgment notwithstanding the verdict On June 5, judgment was entered on the verdict. On June 8, an *446 other motion for judgment notwithstanding the verdict and for nonsuit was filed and also a motion for new trial. At the same time that these two motions were filed, namely, 2:47 p. m., there appears also a “motion to expugn [sic] journal entry and/or to amend or supplement journal entry” filed by the guardian ad litem and signed by Edward J. Myers as attorney for such guardian. Although the other motions were overruled on July 5, there is nothing of record to show the disposition of this motion, nor is any issue made regarding it, and it is, therefore, not considered further. It must be noted, however, that the attorney who signed this motion is the same counsel named in the stipulation as having prepared and acknowledged the original verified answer of the minor defendant.
We fail to follow the conclusion of the Court of Appeals that “the guardian ad litem had no opportunity even to consult with such counsel [Myers or Spurlock],” as the record does not disclose how much time elapsed between the appointment of the guardian ad litem, the filing of his answer, and the submission of the case to the jury. In fact, we can find nothing in the record which shows that the defendant was in any way prejudiced or hurt by the delay in the appointment of the guardian ad litem.
We conclude, therefore, that the appointment of a guardian ad litem for an infant defendant after the evidence has been taken and both parties have rested and before a verdict, finding or judgment has been entered does not constitute prejudicial error, where there is no showing that the interest of the minor was harmed or damaged by the delay in such appointment.
Accordingly, the judgment of the Court of Appeals is reversed, and that of the Court of Common Pleas is affirmed.

Judgment reversed.

Weygandt, C. J., Zimmerman, Stewart, Taft, Matthias and Bell, JJ., concur.